**Nilo HERNANDEZ,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,
Respondent-Appellee.**

**No. 85–5747
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 11, 1986.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Hernandez filed this 28 U.S.C. § 2254 petition for writ of habeas corpus alleging that prison officials had unconstitutionally miscalculated his gain time credits. In his petition, Hernandez sought as his sole prayer for relief his immediate release from state custody. While the petition was pending, Hernandez was released from custody. Following this release, the magistrate recommended that the petition be dismissed with prejudice for lack of subject matter jurisdiction since Hernandez was no longer in custody and there was no possibility that the length of his sentence would have collateral legal consequences. The district court dismissed the petition without prejudice as moot on the grounds that the sole request for relief was release from detention, which Hernandez had already obtained. We affirm.

■ This court has jurisdiction to hear only live cases or controversies as delineated in Act III, § 2 of the Constitution. *See Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). Even though an appellant has completed his sentence, a criminal appeal is moot only if no possibility exists that any collateral legal consequences will be imposed upon the petitioner. *Wolfe v. Coleman*, 681 F.2d 1302, 1305 (11th Cir.1982). In his petition, Hernandez attacked the length of his confinement, not the underlying conviction. It is the existence of the underlying conviction, however, rather than the length of confinement, which creates the necessity to consider collateral legal consequences; susceptibility to an increased sentence for a subsequent offense. *Cf. Wolfe v. Coleman*, 681 F.2d at 1305–06. Also, as the district court dismissal was without prejudice, it will not act as a legal bar to a future action seeking damages for loss of employment opportunities or any other consequences resulting from any illegal confinement. Hernandez will suffer no collateral legal consequences from dismissal of his petition. The district court properly dismissed the petition as moot.

AFFIRMED.